Filed 10/25/24 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KHYLE ARMANDO BRISCOE,<br><br>    Defendant and Appellant. | A167964<br><br>(Solano County Super. Ct.<br>No. FC46114)<br><br>ORDER MODIFYING OPINON<br>AND DENYING REHEARING;<br>NO CHANGE IN JUDGMENT |

BY THE COURT:

It is ordered the opinion filed herein on September 25, 2024, be modified as follows:

1. Starting on page 8, the second sentence of the second paragraph is replaced, as follows:

> The two provisions employ the same standard of liability, "as the former provision expressly incorporates the latter."

2. On page 13, the second sentence of the first paragraph is replaced, as follows:

> Section 190.2, subdivision (d) describes the exact same circumstances and conduct that is now necessary to support a conviction for first degree felony murder under section 189, subdivision (e)(3).

3. On page 13, footnote 7 is deleted.

4. The two following paragraphs are added under section III.B., "Equal Protection Analysis," before the last paragraph that begins with the sentence, "The People offer no other reason for section 3051 to exclude section 190.2, subdivision (d) offenders from a parole opportunity provided to section 189, subdivision (e)(3) offenders convicted under the exact same standard."

> After conceding that sections 189, subdivision (e)(3) and 190.2, subdivision (d) employ the same standard, the Attorney General then argued in a petition for rehearing that the felony-murder special circumstance requires "an independent or concurrent felonious purpose distinct from any intent to kill." (*People v. Riccardi* (2012) 54 Cal.4th 758, 836, abrogated on other grounds in *People v. Rangel* (2016) 62 Cal.4th 1192.) Putting aside that this argument was not raised in the Attorney General's brief, it does not convince us that there is a rational basis for the distinction Briscoe challenges here.

> The felony murder offense "is established merely upon a showing that the defendant killed during the commission or attempted commission of the felony." (*People v. Andreasen* (2013) 214 Cal.App.4th 70, 80 (*Andreasen*).) With respect to the felony-murder special circumstance, courts have fashioned the independent felonious purpose rule so that the special circumstance "applies 'when the murder occurs during the commission of the felony, not when the felony occurs during the commission of a murder.'" (*Andreasen, supra*, 214 Cal.App.4th at p. 81.) In other words, "[i]f the defendant committed the felony for the sole purpose of effectuating the killing," the special circumstance does not apply. (*Ibid.*) This rule has no application here, where Briscoe and other section 190.2, subdivision (d) offenders were neither the actual killer nor acted with an intent to kill. It therefore does not provide a rational basis to distinguish between offenders convicted under sections 189, subdivision (e)(3) and 190.2, subdivision (d).[1]

---

[1] *Andreasen* notes that for the felony murder offense, too, "the California Supreme Court has at times stated the felony must not be merely

There is no change in the judgment.

Respondent's petition for rehearing is denied.


Dated:  October 25, 2024                                        BROWN, P.J.

---

incidental to the killing."  (*Andreasen*, *supra,* 214 Cal.App.4th at p. 82, fn. 7.)  *Andreasen* nevertheless concluded there was no "distinct requirement akin to the independent-felonious-purpose rule" that applied to the felony murder offense.  (*Ibid.*)  But *Andreasen* addressed this issue "only in the alternative."  (*People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1029.)  We do not need to address it here: even assuming the rule creates a distinction between the felony murder offense and the felony-murder special circumstance in other contexts, it has no application here.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KHYLE ARMANDO BRISCOE,<br><br>    Defendant and Appellant. | A167964<br><br>(Solano County Super. Ct.<br>No. FC46114) |

Penal Code section 3051 grants certain youth offenders convicted of a controlling offense committed before the age of 26 an opportunity to seek parole.[2] The statute excludes those sentenced to life without parole who were over 18 when they offended. (§ 3051, subd. (h).) Khyle Armando Briscoe is one such youth offender, sentenced to life without parole for a special circumstance murder committed when he was 21.

Resolving a split among the Courts of Appeal, our high court ruled that section 3051's exclusion of youth life-without-parole offenders does not violate equal protection, "either on its face or as applied to [those] serving life without parole sentences for special circumstance murder" generally. (*People*

---

[2] All statutory references are to the Penal Code. " 'Controlling offense' means the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." (§ 3051, subd. (a)(2)(B).) We incorporate by reference our opinions in Briscoe's prior appeals, *People v. Briscoe* (2001) 92 Cal.App.4th 568 (*Briscoe I*) and *People v. Briscoe* (Jan. 20, 2022, A159174) [nonpub. opn.] (*Briscoe II*).

*v. Hardin* (2024) 15 Cal.5th 834, 839 (*Hardin*).) But *Hardin* expressly did not foreclose "other as-applied challenges" to the statute "based on particular special circumstances or the factual circumstances of individual cases." (*Id.* at p. 864.)

Briscoe raises such a challenge here. He claims section 3051 violates equal protection by excluding youth offenders sentenced for special circumstance murder under section 190.2, subdivision (d) — which applies to nonkiller participants in specified felony offenses during which a murder occurred — while including those convicted of nonspecial circumstance first degree felony murder for the same specified felony offenses per the exact same standard under section 189, subdivision (e)(3). In the narrow factual context presented here, we agree. We reverse the trial court's order denying Briscoe a section 3051 hearing and a proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*)[3] and remand for the court to conduct those proceedings.

## BACKGROUND

In 1998 — when Briscoe was 21 years old — he and Shaun P. robbed an acquaintance, Ben P., in his home. Both Briscoe and Shaun P. had guns. During the robbery, Briscoe put Ben P.'s girlfriend in a headlock and pointed his gun at her head. There was a struggle over Shaun P.'s gun; Briscoe recovered the gun and repeatedly hit Ben P. in the head with it as Shaun P. pinned his legs. Ben P. eventually freed himself and ran out the front door with Briscoe on his back. He managed to take Briscoe's gun as they

---

[3] A *Franklin* hearing allows the parties to introduce evidence relevant to an eventual section 3051 hearing. (*In re Cook* (2019) 7 Cal.5th 439, 458–459.)

continued to struggle. In fear for his life, Ben P. started firing Briscoe's gun and fatally shot Shaun P., who was nearby in the driveway.

## I. Briscoe Is Convicted and Sentenced to Life Without Parole

The People charged Briscoe with first degree murder, robbery, and burglary and alleged he personally used a firearm in committing each offense. As a special circumstance, the People alleged Shaun P. was murdered during a robbery and burglary and Briscoe acted with reckless indifference to human life and was a major participant in the underlying felonies. (§ 190.2, subd. (d).)

A jury convicted Briscoe on all counts and found the firearm-use enhancements and section 190.2, subdivision (d) special circumstance true. The trial court sentenced him to life in prison without possibility of parole for special circumstance murder, imposed a four-year consecutive term for the related firearm enhancement, and stayed the terms for the remaining counts and findings. In *Briscoe I*, we affirmed. (*Briscoe I*, *supra*, 92 Cal.App.4th at p. 599.)

## II. Briscoe Moves for a Section 3051 Parole Hearing

In 2022, Briscoe filed a motion for a *Franklin* proceeding and a parole hearing under section 3051. He acknowledged he was statutorily ineligible for a section 3051 hearing because he was sentenced to life without parole for a murder committed when he was 21 years old. But he claimed he was entitled to the hearing and *Franklin* proceeding under the equal protection guarantees of the California and United States Constitutions.

Briscoe offered three theories to support this claim: first, section 3051 extends to youth offenders convicted of first degree felony murder under section 189, subdivision (e)(3) but not those subject to special circumstance findings per the same standard under section 190.2, subdivision (d); second,

3

the statute applies to youth offenders convicted of first degree murder and sentenced to life with the possibility of parole but not those sentenced to life without parole for special circumstance murder; and third, the statute authorizes parole hearings for juveniles, but not youth offenders, sentenced to life without parole for special circumstance murder.

After Briscoe filed his motion, the Court of Appeal for the Second District published an opinion finding an equal protection violation on the second theory. (*People v. Hardin* (2022) 84 Cal.App.5th 273, 278–279, revd. (2024) 15 Cal.5th 834 (*Hardin*).) Our Supreme Court granted review. (*People v. Hardin*, review granted Jan. 11, 2023, S277487.)

### III. The Trial Court Denies Briscoe's Motion and the Supreme Court Issues Its Opinion in *Hardin*

In an oral ruling on Briscoe's motion, the trial court acknowledged but declined to follow the Second District's opinion in *Hardin*, explaining it would adhere to the majority view that section 3051 did not violate equal protection. The trial court did not individually address Briscoe's three equal protection challenges.

Briscoe appealed and filed his opening brief. A few months later, our Supreme Court issued its opinion in *Hardin*, reversing the Second District. The high court held — "[w]ithout foreclosing the possibility of other as-applied challenges to the statute" — the appellant failed to show denying section 3051 hearings to youth offenders sentenced to life without parole was constitutionally invalid, "either on its face or as applied to [those] serving life without parole sentences for special circumstance murder." (*Hardin, supra,* 15 Cal.5th at p. 839.)

4

*Hardin* forecloses Briscoe's challenge to section 3051's exclusion of youth special circumstance murderers generally, as his reply brief concedes. But his narrower challenge based on section 190.2, subdivision (d) survives. Briscoe continues to argue that there is no rational reason to allow youth offenders convicted of first degree felony murder under section 189, subdivision (e)(3) to seek parole, but not those subject to a special circumstance finding where the seriousness of the offense is exactly the same. As we explain, the argument has merit.

## I. Standard of Review

Where no suspect class or fundamental right is in play, we analyze equal protection claims with rational basis review. (*People v. Morales* (2021) 67 Cal.App.5th 326, 343 (*Morales*).) Briscoe has the burden to show the distinctions he challenges fail this "deferential standard." (*Hardin*, *supra*, 15 Cal.5th at p. 852.) We analyze his claims de novo. (*Morales*, *supra*, 67 Cal.App.5th at p. 345.)[4]

Rational basis review simply requires that a challenged classification bears a rational relationship to a legitimate state purpose. (*Morales*, *supra*, 67 Cal.App.5th at p. 343.) The logic does not need to be persuasive or sensible — just rational. (*Ibid.*) It "need not have been 'ever actually articulated' by lawmakers, nor 'be empirically substantiated.' " (*Hardin*, *supra*, 15 Cal.5th at p. 852.) The law will be upheld as long as we can " ' "speculat[e]" ' any rational reason" for the distinction it draws. (*Morales*,

---

[4] After *Hardin*, when evaluating laws treating identifiable groups differently, we "no longer need to ask at the threshold whether the two groups are similarly situated for purposes of the law in question," but only "whether the challenged difference in treatment is adequately justified." (*Hardin*, *supra*, 15 Cal.5th at pp. 850–851.)

5

*supra*, 67 Cal.App.5th at p. 343.)  This means that "[t]o mount a successful rational basis challenge, a party must ' "negative every conceivable basis" ' that might support the disputed statutory disparity." (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)

## II. Legal Background

### *A. Relevant Sentencing Scheme*

"In California, a conviction for first degree murder generally results in a life sentence with parole eligibility after 25 years." (*Hardin*, *supra*, 15 Cal.5th at p. 859; see §§ 190, subd. (a), 190.1, 190.5.)  But section 190.2 enumerates special circumstances that make a murder particularly egregious:  a true finding on one of these means a sentence of either life without parole or death. (*Hardin, supra*, 15 Cal.5th at p. 859.)  Life without parole is the most severe sentence of imprisonment in California and applies only to special circumstance murders and a few other offenses. (*Id.* at p. 853.)

### *B. Section 3051*

In 2013, the Legislature enacted section 3051 in response to a series of court decisions charting Eighth Amendment limits on sentencing juvenile offenders. (*Hardin*, *supra*, 15 Cal.5th at p. 843.)  "In language echoing the holdings of these cases," the statute established youth offender parole hearings to offer " 'a meaningful opportunity' " for release (§ 3051, subd. (e)), giving 'great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity' ([] § 4801, subd. (c))." (*Id.* at p. 845.)

As first enacted, section 3051 applied only to juvenile offenders and excluded many — among them, those sentenced to life without parole. (*Hardin, supra*, 15 Cal.5th at p. 845.)  The Legislature expanded the statute, most recently in 2017, to reach juvenile life-without-parole offenders (now

6

eligible for parole after 25 years of incarceration) and certain youth offenders who committed their controlling offenses before the age of 26. (*Id.* at pp. 845–846.) Youth offenders sentenced to life without parole remain excluded. (*Id.* at p. 846.)

### *C. Hardin*

The Legislature has thus repeatedly used the sentence of life without parole to exclude the opportunities available under section 3051. In *Hardin*, our Supreme Court rejected an equal protection challenge to this approach as applied to individuals sentenced for special circumstance murder. (See *Hardin*, *supra*, 15 Cal.5th at p. 858.)

*Hardin* explained that section 3051 had multiple aims: while its main purpose was to give youth offenders "the opportunity to obtain release based on demonstrated growth and rehabilitation," the Legislature balanced this objective with "concerns about culpability and the appropriate level of punishment for certain very serious crimes." (*Hardin*, *supra*, 15 Cal.5th at p. 854.) It rationally did so by excluding special circumstance murderers from the statute's reach. (*Id.* at p. 864.) As the high court affirmed, "[i]n the criminal law, there is no . . . set of violent crimes considered more serious, or that trigger more severe punishment, than special circumstance murder." (*Id.* at p. 863.)

*Hardin* acknowledged concerns voiced by the dissenting justices and "many [other] judges across the state" about the wisdom of excluding life-without-parole offenders from section 3051 when there is nothing " 'crime-specific' " about the attributes of youth that justify the statute. (*Hardin*, *supra*, 15 Cal.5th at pp. 855, 864–865.) But the majority emphasized that the issue arose at all only "because the Legislature chose to expand opportunities for early parole consideration to many categories of young adult offenders,

even though it was under no constitutional compulsion to do so," concluding that "the legislative branch is entitled to proceed incrementally, so long as it proceeds rationally." (*Id.* at p. 866.)

Thus, the appellant in *Hardin* failed to show the Legislature's exclusion of youth special circumstance murderers from section 3051 was "categorically irrational." (*Hardin, supra,* 15 Cal.5th at p. 862.) But *Hardin* expressly did "not foreclose . . . other challenges to the distinctions drawn by the special circumstances statute based on a more robust record or a more focused as-applied inquiry." (*Ibid.*) Briscoe raises a more focused challenge here, and *Hardin* does not resolve it.[5]

### III. Analysis

Briscoe's primary challenge is to section 3051's inclusion of youth offenders convicted of first degree felony murder under section 189, subdivision (e)(3) while excluding those sentenced for special circumstance murder under section 190.2, subdivision (d). The parties agree that the two provisions employ the same standard of liability, "as the former provision

---

[5] Several court of appeal opinions are in accord with *Hardin*; none address the more focused argument raised here. (See *People v. Ngo* (2023) 89 Cal.App.5th 116, 123–127 (*Ngo*), *review dism., cause remanded*, June 12, 2024, S279458; *People v. Sands* (2021) 70 Cal.App.5th 193, 204–205 (*Sands*); *Morales, supra,* 67 Cal.App.5th at pp. 347–349; *People v. Jackson* (2021) 61 Cal.App.5th 189, 199–200; *People v. Acosta* (2021) 60 Cal.App.5th 769, 780–781; *In re Williams* (2020) 57 Cal.App.5th 427, 436.)

We deny Briscoe's request for judicial notice of the video recording of oral argument in *Hardin*. Briscoe claims the high court's questioning shows his arguments are not foreclosed by the majority opinion. However, the meaning of the opinion "must be gleaned from the opinion itself." (*People v. Payton* (1992) 3 Cal.4th 1050, 1073.) It is clear from the *Hardin* opinion which of Briscoe's arguments survive, and we decline his invitation to guess at the more focused equal protection challenges the *Hardin* majority may have had in mind when noting such challenges remain viable.

expressly incorporates the latter." (*In re Taylor* (2019) 34 Cal.App.5th 543, 561.) Both statutes now require a person who is not the actual killer or did not have the intent to kill to be a major participant in the underlying felony and act with reckless indifference to human life. (§§ 190.2, subd. (d), 189 subd. (e)(3).) And not only do the statutes apply the same standard, but here the underlying felonies used as a special circumstance are the same enumerated felonies under section 189, subdivision (a) that elevate second degree murder to first degree murder — robbery and burglary. (§ 190.2, subd. (a)(17)(A).)

The Legislature enacted section 189, subdivision (e)(3) after the most recent expansion of section 3051. The result is an irrational distinction between equally culpable youth offenders seeking parole that the Legislature did not contemplate. We find that section 3051 violates equal protection as applied to Briscoe and other youth offenders sentenced for special circumstance murder during a robbery or burglary under section 190.2, subdivision (d).[6]

### A. Felony Murder and Section 190.2, Subdivision (d)

*Hardin* and precursor authorities observe that "special circumstance murder is a uniquely serious offense," and the facts of those cases illustrate the point. (*Hardin, supra,* 15 Cal.5th at p. 839.) The appellant in *Hardin* robbed and killed an elderly neighbor when he was 25 years old; the jury found true the special circumstance that he personally murdered the victim

---

[6] Briscoe was convicted of first degree provocative act murder, not felony murder. (*Briscoe I, supra*, 92 Cal.App.4th at pp. 595–597.) Still, it was the associated finding under section 190.2, subdivision (d) that resulted in his life-without-parole sentence and his ineligibility for parole under section 3051. The theory on which Briscoe's underlying murder conviction was based does not impact our analysis.

during the commission of a robbery (§ 190.2, subd. (a), (a)(17)(A)). (*Id.* at p. 840.) In *People v. Ngo, supra,* 89 Cal.App.5th at page 119, the appellant committed murder for hire (§ 190.2, subd. (a)(1)). In *People v. Sands, supra,* 70 Cal.App.5th at page 199, the appellant murdered a witness to prevent him from testifying (§ 190.2, subd. (a)(10)). In *Morales, supra,* 67 Cal.App.5th at page 331, the appellant committed multiple murder by killing a pregnant woman (§ 190.2, subd. (a)(3)).[7]

The special circumstance at issue in this case has a more complicated history given its relation to the evolving doctrine of felony murder. Under the old version of this doctrine, a defendant could be convicted of first degree felony-murder without a showing they actually killed anyone, or acted with intent to kill or even implied malice — but merely by a showing they intended to commit the underlying felony during which a murder took place. (*People v. Strong* (2022) 13 Cal.5th 698, 704.) The defendant then could be punished by death or life without parole per the felony-murder special circumstance involving the most serious felonies. (*Ibid.*; § 190.2, subd. (a)(17)).

Decisions by our Supreme Court limited the application of the felony-murder special circumstance to defendants who either had personally killed or intended to kill. (*People v. Banks* (2015) 61 Cal.4th 788, 798; see also *People v. Cleveland* (2004) 32 Cal.4th 704, 752.) In response, voters enacted section 190.2, subdivision (d). (*Ibid.*) Now, a major participant in a felony who was not the actual killer or did not intend to kill may be convicted of this

---

[7] Similarly, the youth offenders in *People v. Jackson, supra,* 61 Cal.App.5th at page 193; *People v. Acosta, supra,* 60 Cal.App.5th at page 772; and *In re Williams, supra,* 57 Cal.App.5th at page 430 personally committed multiple murders.

special circumstance if they acted with reckless indifference to human life. (§ 190.2, subd. (d).)

More recently, the Legislature declared a broader need to reform our homicide law " 'to more equitably sentence offenders in accordance with their involvement in the crime.' " (*Strong*, *supra*, 13 Cal.5th at p. 707.) In 2018, it amended section 189 to limit felony-murder liability — in part by directly incorporating the section 190.2, subdivision (d) standard into the definition of first degree felony-murder under section 189, subdivision (e)(3). (*Id.* at pp. 707–708.) The result is that today, those convicted of first degree felony-murder under section 189 must have violated the exact same standard of conduct as special circumstance murderers under section 190.2, subdivision (d).

## *B. Equal Protection Analysis*

We return to Briscoe's claim that section 3051 violates equal protection by continuing to exclude youth offenders sentenced under section 190.2, subdivision (d) in light of this development. We must consider whether there is any conceivable, rational reason the Legislature might do this. (*Morales*, *supra*, 67 Cal.App.5th at p. 343.) We begin by considering section 3051's purpose, which *Hardin* explained is twofold: providing youth offenders with an opportunity for parole while honoring concerns about culpability that undergird criminal sentencing. (See *Hardin*, *supra*, 15 Cal.5th at p. 854.)

Section 3051's primary purpose is to "expand[] opportunities for early release based on the attributes of youth." (*Hardin*, *supra*, 15 Cal.5th at p. 855.) *Hardin* acknowledged that excluding youth offenders sentenced to life without parole may not rationally relate to this purpose, since "the attributes of youth are not 'crime-specific.' " (*Ibid*.) We agree: it is certainly "possible that a youthful offender sentenced to [life without parole] would

11

mature and prove suitable for release at some point during his or her incarceration," just like the other youth offenders to whom the statute extends. (*Morales, supra*, 67 Cal.App.5th at p. 349.) This is why many judicial opinions urge the Legislature to reconsider the life-without-parole exclusion. (See, e.g., *ibid.*) None of the relevant authorities suggest that the mitigating attributes the statute recognizes provide a rational basis to exclude youth offenders who committed one crime versus another. (See *Ngo, supra*, 89 Cal.App.5th at p. 125 ["courts . . . have sought and found a rational basis for the challenged distinction in other sentencing considerations"].) Nor do the People make this claim here. We must look beyond the statute's primary purpose for a rational reason to exclude section 190.2, subdivision (d) offenders.

When it comes to life-without-parole offenses more generally, *Hardin* and its predecessors hold that the culpability associated with such crimes is a rational reason to exclude youth offenders who perpetrated them from section 3051. As *Hardin* explains, the statute grants different parole opportunities to youth offenders based on the "controlling offense" for which they received the longest sentence. (*Hardin, supra*, 15 Cal.5th at pp. 856–857.) *Hardin* found this approach was rational, if rough: while allowing that it "does rely on . . . generalization about the relationship between the lengthiest individual sentence the offender has received and the culpability of the underlying criminal conduct," it remains a reasonable "measurement of culpability." (*Id.* at p. 857.) And this logic generally holds in the context of special circumstance murders bearing a sentence of life without parole: "as a category, . . . special circumstance murder is sufficiently serious and morally culpable as to justify imposing the most severe sanctions available under the law, up to and including death." (*Id.* at p. 859.)

12

But this logic falls apart when applied to the particular special circumstance and the facts at issue here. As the parties agree, section 190.2, subdivision (d) describes the exact same circumstances and conduct that is now necessary to support a conviction for first degree felony murder under section 189, subdivision (e)(3). The disparate treatment of offenders who committed murder per these identical provisions during the same underlying felonies cannot reflect any difference in culpability.[8]

Contrary to the People's suggestion that the Legislature deemed Briscoe's specific crime so heinous as to warrant exclusion from section 3051, there is no indication it considered this particular special circumstance or its equivalence to section 189, subdivision (e)(3) in defining the boundaries of the statue. Indeed, the Legislature could not have considered section 189, subdivision (e)(3), which was enacted in 2018, when it last expanded section 3051 in 2017. And there is no suggestion in the former statute's legislative history that the interaction between these provisions was considered when section 189, subdivision (e)(3) was enacted.

This division found an equal protection violation in similar circumstances in *People v. Fisher* (2021) 71 Cal.App.5th 745 (*Fisher*). *Fisher* considered the results of realignment legislation making certain felons eligible to serve their sentences in local custody rather than state prison. (*Id.* at pp. 753–754.) The legislation did not include those convicted of simple possession of a destructive device — even though it did include those convicted of more serious destructive device offenses. (*Id.* at pp. 754–758.) Absent any indication that the Legislature had reassessed the comparative threat of these offenses, we concluded the exclusion of felons convicted of

---

[8] While the People baldly insist there is such a difference, they fail to articulate one.

13

simple possession was an oversight. (*Id.* at pp. 757–758.) Something similar happened here when the Legislature amended section 189 to incorporate the standard of liability from section 190.2, subdivision (d) without considering the irrational, disparate impact that would result under section 3051.

We are not the first to observe that excluding youth special circumstance murderers who did not actually kill or intend to kill from the opportunity to seek parole under section 3051 is problematic. (See *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1041, fn. 3 (conc. opn. of Segal, J.), review den. Jan. 27, 2021, S265597 [expressing particular concern with excluding youth offenders "where . . . intent to kill is not an element of the crime that subjected the defendant to life in prison without the possibility of parole"].) Now that other youth murderers who violated the exact same standard of conduct are included, culpability does not provide a rational basis to exclude section 190.2, subdivision (d) offenders. This distinction " 'do[es] not reflect a thoughtful effort to distinguish between different offenses' " but is an unconsidered result of the interaction between the relevant statutes. (*Fisher*, *supra*, 71 Cal.App.5th at p. 758.)

We must still consider if some other conceivable reason could motivate the Legislature to distinguish between section 189, subdivision (e)(3) and section 190.2, subdivision (d) offenders. *Ngo* suggests some possibilities, but they do not apply in this context. First, *Ngo* reasons that section 3051 was the response to our Supreme Court's call for a statute offering parole to juvenile offenders whose lifelong incarceration might constitute cruel and unusual punishment. (*Ngo*, *supra*, 89 Cal.App.5th at pp. 120, 123.) This call did not apply to "defendants — whether juvenile, youthful, or otherwise — serving a de jure [life without parole] sentence," so the Legislature could "limit its response accordingly." (*Ibid.*) But the Legislature has expanded

14

the statute well beyond the constitutional minimum. (*Hardin*, *supra*, 15 Cal.5th at p. 866.) The original impetus for the statute cannot justify current boundaries that have become irrational.

*Ngo* further reasons that "[a] de jure [life without parole] sentence provides a bright-line test," and a youth offender sentenced to life without parole should bear that sentence "[j]ust like all other adult offenders convicted of murder with special circumstances." (*Ngo*, *supra*, 89 Cal.App.5th at pp. 126, 123.) These are valid observations, but the lines drawn and held by the Legislature must maintain a rational basis to satisfy equal protection. In the context *Ngo* considered, culpability provided that rational basis. (*Id.* at p. 126 ["using a special circumstance as a bright-line test of culpability is well-established"].) As we have explained, that logic does not resolve Briscoe's narrower challenge here.

Another potential reason to distinguish between groups of offenders is discussed in *People v. Williams* (2024) 17 Cal.5th 99 (*Williams*), the most recent authority addressing an equal protection challenge to section 3051. In *Williams*, our high court held that the Legislature did not violate the equal protection guarantee by excluding "One Strike" sex offenders from early parole consideration in section 3051, subdivision (h). (*Ibid.*) While section 3051 does not "explicitly describe the underlying purpose for [its] enumerated exclusions," our Supreme Court found the exclusion reflected longstanding "concerns regarding recidivism of One Strike offenders and the serious nature of the offenses they commit." (*Id.* at pp. 116, 129.) Specifically, the One Strike law was enacted and amended because One Strike offenders "have 'very high recidivism rates,' " " 'are the least likely to be cured and the most likely to reoffend, and they prey on the most innocent members of our society.' " (*Id.* at pp. 142, 135.) This provided a rational basis

for the exclusion of One Strike offenders.  But those are not the circumstances presented here.  Here, as explained, the seriousness of the crime committed by the two groups of offenders is exactly the same.  There is no evidence or suggestion that the recidivism rate is likely to be higher in individuals sentenced under section 190.2, subdivision (d) as opposed to section 189, subdivision (e)(3).

The People offer no other reason for section 3051 to exclude section 190.2, subdivision (d) offenders from a parole opportunity provided to section 189, subdivision (e)(3) offenders convicted under the exact same standard.  Nor do we see one ourselves.  As applied to youth offenders sentenced under section 190.2, subdivision (d) for murder during a robbery or burglary, the statute violates equal protection.

## C. Prosecutorial Discretion

While the People do not raise this issue, Briscoe notes that courts have rejected equal protection challenges to statutes establishing different sentences for identical or equally culpable conduct, based on the " 'settled rule' allowing prosecutorial choice." (*U.S. v. Batchelder* (1979) 442 U.S. 114, 124 (*Batchelder*); see also *People v. Wilkinson* (2004) 33 Cal.4th 821, 838 [applying *Batchelder*].)  However, *Batchelder* and its progeny do not apply here.  (See *Hardin, supra*, 15 Cal.5th at p. 861 [distinguishing between equal protection arguments addressing prosecutorial discretion and challenging *the Legislature's* ability to distinguish between two groups].)  While section 3051 impacts the potential length of the sentence, it is "not . . . 'a sentencing statute per se.' " (*Sands, supra*, 70 Cal.App.5th at p. 205.)  As previously explained, the Legislature's primary purpose in expanding section 3051 was to allow young adult offenders an opportunity to obtain release while balancing concerns about the seriousness of the offense.  Prosecutorial

discretion may be relevant to the latter, but the former is strictly within the purview of the Legislature. Accordingly, prosecutorial discretion does not provide a rational basis for the unequal treatment addressed under these circumstances.

### *D. Remedy*

Finally, we must consider the proper remedy for the equal protection violation we find, attempting to select the one the Legislature would prefer. (*Fisher*, *supra*, 71 Cal.App.5th at p. 759.) Since the main purpose of section 3051 is to give youth offenders an opportunity to demonstrate suitability for parole, we will reform the statute to include youth offenders like Briscoe who were sentenced to life without parole under section 190.2, subdivision (d) for murder during a robbery or burglary. (See *ibid*.)

In light of this holding, we need not reach Briscoe's remaining argument that section 3051 violates equal protection by treating youth offenders sentenced to life without parole for special circumstance murder differently from juvenile offenders who received that sentence. (See *Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230 [courts do not reach constitutional questions unless absolutely required].)

### DISPOSITION

The order denying Briscoe a *Franklin* proceeding and a parole hearing under section 3051 is reversed. The case is remanded with directions to schedule and conduct these hearings and any related proceedings for which a need arises.

17

DOUGLAS, J.[*]


We concur:

BROWN, P.J.
GOLDMAN, J.

*People v. Briscoe (A167964)*

---

[*] Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Judge: Hon. Carlos R. Gutierrez

Trial Court: Solano County Superior Court

Attorneys: Nathaniel Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Bridget Billeter, Supervising Deputy Attorney General, Maya Bourgeois, Deputy Attorney General, for Petitioner and Respondent.